IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:15-801-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TAURIN MORTON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 935) for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A). The defendant does not rely on any medical conditions or the ongoing COVID-19 pandemic. Rather, he contends that subsequent changes in sentencing laws justify his compassionate release at this time. He relies on the Fourth Circuit Case of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019).

The government has responded in opposition, arguing that the defendant has not shown an extraordinary and compelling reason for release. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant did not reply to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

2

>is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden

to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

### *Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on

their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Here, the government does not raise the defense of exhaustion in this case, and thus the court will proceed to decide the motion on its merits.

## DISCUSSION

### *Procedural History*

The defendant was indicted in November 2015, along with 17 other individuals, for conspiring to distribute 5 kilograms or more of cocaine. Subsequent to the Indictment, the government filed a notice under 21 U.S.C. § 851, advising the defendant that his 2 prior qualifying predicate narcotics convictions would serve to enhance his ultimate sentence.

The defendant pleaded guilty pursuant to a written Plea Agreement (ECF No. 474) which provided in part that the government would dismiss one of the two § 851 enhancements at sentencing. This would have the effect of reducing a mandatory life sentence to a mandatory minimum term of 20 years incarceration.

The Presentence Report (PSR) (ECF No. 637) indicated that, with the § 851 enhancements in place, the defendant's total offense level was 34 and his criminal history category was VI. This yielded a mandatory life imprisonment sentence under the applicable Guidelines. But, as it had agreed to do, the government withdrew one of the § 851

enhancements, resulting in a new Guideline range of 262 to 327 months incarceration. The defendant was also designated as a career offender under the sentencing Guidelines. The court sentenced the defendant to 262 months—the low end of the Guideline range.

As noted above, the defendant does not suggest that he has any current medical conditions to justify his compassionate release. Rather he relies exclusively upon the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). With commendable candor, the government agrees that if the defendant were sentenced today, he would no longer qualify as a career offender.

At the defendant's original sentencing, his total offense level was determined to be 34, with a criminal history category of VI. This yielded a Guideline range of 262 to 327 months incarceration. Removing the career offender enhancement would result in a total offense level of 30 and a criminal history category of IV. This would yield an amended Guideline sentencing range of 135 to 168 months.

However, as noted above, the defendant was also served with two § 851 enhancement notices. One of these prior convictions was dropped from consideration at sentencing, thus resulting in a mandatory minimum sentence of 20 years (240 months) because the defendant had one prior felony drug conviction on his record which qualified at the time. This would have been the low end of the advisory Guidelines.

*Norman* has been expressly held by the Fourth Circuit Court of Appeals to be a non-retroactive change in the law. In *United States v. McCoy*, however, the Fourth Circuit held

that, in considering compassionate relief requests, this court is authorized to consider changes in sentencing law that are expressly deemed non-retroactive. Thus, this court has authority under *McCoy* to consider the defendant's sentence anew under *McCoy*.

But simply saying that *McCoy* authorizes this court to reduce the defendant's sentence does not necessarily mean that this court is required to do so. In *McCoy*, the Fourth Circuit stressed several important factors that are not present in this case. More specifically, the defendants in *McCoy* were all in their early 20s. Here, the defendant was 30 years of age at the time of the commission of the crime.

The defendants in *McCoy* had virtually no criminal record. Here, the defendant's criminal record includes the following convictions: possession with intent to distribute crack cocaine and resisting arrest (2003); failure to stop for blue lights (2008); possession of crack cocaine and a second conviction for failing to stop for blue lights (2010); and possession with intent to distribute marijuana (2011); no license, improper vehicle license, and operating an uninsured vehicle (2004); driving under suspension (2007); failure to stop for a blue light (2008); trespassing (2008); possession of crack cocaine and failure to stop for a blue light (2010); driving under suspension and possession with intent to distribute marijuana (2011); simple possession of marijuana (2015); driving under suspension, second offense and driving under suspension third offense (2015); and driving with an open container in a vehicle (2015).

Moreover, in *McCoy*, the "unstacking" of successive § 924(c) mandatory consecutive sentences resulted in a huge disparity in the sentence imposed at the time compared to the sentencing were it to occur at the present. Here, there is a disparity, but not nearly so great as it was in *McCoy*. As noted above, removal of the career offender designation reduces the defendant's Guideline range from 262 to 327 months to 135 to 168 months. But the mandatory minimum remained at 240 months. Although this is a difference, it is not nearly as substantial as the difference in *McCoy*.

On this record, the court determines that the defendant has not demonstrated an extraordinary and compelling reason for his release in terms of the sentencing law change that he relies on.

## *Factors under § 3553(a)*

Even if the court were to determine the defendant had demonstrated an extraordinary and compelling reason for his release, the court would be constrained, after careful review of the § 3553(a) sentencing factors and the defendant's post-sentencing conduct, to deny the motion. The court will address such factors in turn.

1. *Nature and Circumstances of the Offense*. The defendant pleaded guilty to being a member of a large conspiracy that existed for more than 5 years in the District of South Carolina. Cocaine distribution is a persistent and troublesome crime in this District. In fact, each year South Carolina is recognized as one of the top 5 districts in the country in terms of cocaine prosecutions.

2. *History and Characteristics of the Defendant*. As noted above, the defendant has an extensive adult criminal record of great significance. He began his criminal career when he was only 17 years old with a conviction for simple possession of marijuana. He did not complete high school and his employment history is minimal. The defendant was raised primarily by his maternal grandmother. The defendant has never married, but has been in a long term relationship since approximately 2006. The couple has two children. According to his PSR, the defendant was in good physical health at the time he was sentenced.

The defendant has served approximately 60 months of the 262-month sentence. He is housed at Bennettsville Federal Correctional Institution and his anticipated release date is November 2034.

While incarcerated, the defendant has one disciplinary infraction on his record for possessing stolen food.

Neither the defendant nor the government have provided information regarding any educational or vocational courses taken by the defendant while at the BOP.

3. *Seriousness of the Crimes*. As evidenced by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence.

4. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*. The court finds a significant sentence is necessary to promote respect for the law and just punishment.

5. *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct.* The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6. *Whether the Sentence Protects the Public from Future Crimes of the Defendant.* The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant. The court views this as an important factor to be addressed in considering the present motion.

7. *Need to Avoid Unwarranted Disparity.* Viewing the defendant's sentence as compared with the culpability of the defendant and his associates, his imposed sentence was and is in line with the other co-defendants.

## CONCLUSION

For the foregoing reason, this court determines that the defendant has not shown an extraordinary and compelling reason for his immediate release, even considering the intervening *Norman* decision. Moreover, even if the court were to determine the defendant had demonstrated an extraordinary and compelling reason for his release, the court would nevertheless exercise its discretion to deny the motion after careful consideration of the § 3553(a) factors, coupled with the defendant's post-sentencing conduct.

The defendant's motion (ECF No. 935) is respectfully denied.

IT IS SO ORDERED.

September 15, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge