IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:15-801-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TAURIN MORTON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's second *pro se* motion (ECF No. 1002) for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). The defendant again relies on the Fourth Circuit Case of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) and contends that his career offender enhancement no longer applies so that his sentence should be reduced due to the intervening changes in the law.

The government has responded in opposition (ECF No. 1013) asserting that the defendant has not shown extraordinary and compelling reasons for release because he fails to meet the U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13(b)(6) prerequisite of having served at least 10 years in prison. The government also suggests that the § 3553(a) factors heavily counsel against granting a reduction in the defendant's sentence. The defendant did not reply to the government's response and this matter is now ripe for review.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v.*

1

*Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

Most relevant here, subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for a sentencing.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government asserts that the defendant has not exhausted his administrative remedies with the BOP and as a result, this court lacks authority to consider the defendant's motion. The government states that the defendant did not attach any documentation or proof that he has requested the BOP to file a motion for a reduction of his sentence nor does the defendant assert that he has exhausted those remedies. The government also states that it inquired with BOP personnel who reported that they do not have any record of the defendant submitted a reduction in sentence form to the Warden.[1]

As the government has timely invoked the exhaustion requirement and the defendant has not provided any response or proof that he has completed any of the required steps of exhaustion, the defendant's motion (ECF No. 1002) is respectfully denied without prejudice. The defendant may refile his motion with this court after: (1) fully exhausting all

---

[1] The government notes that in his first motion for compassionate release filed in April 2022 (ECF No. 935), the defendant did not include any proof that he had exhausted his administrative remedies. However, the government did not contest the exhaustion at the time, so the court proceeded to review that motion and deny it on the merits.

administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

## DISCUSSION

### I. *Intervening Change in the Law*

Even if the defendant had exhausted his administrative remedies, the defendant's motion would still be subject to dismissal as the defendant is categorically ineligible for the relief sought.

As is relevant here, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law

4

(including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The government argues that the defendant does not meet the criteria for a sentence reduction under § 1B1.13(b)(6) because this subsection limits consideration of changes in law to defendants who have served at least 10 years of the term of imprisonment. The government states that the defendant has not met the 10 year threshold as his sentence of 262 months was imposed on March 31, 2017.

This court agrees with the government that the defendant cannot meet the new threshold in U.S.S.G. § 1B1.13(b)(6) because he has not served at least 10 years of his federal sentence. This court may not grant a reduction that is inconsistent with the applicable policy statements issued by the Sentencing Commission in November 2023.

## CONCLUSION

The court has carefully considered the totality of the record before it and as stated above, the defendant has failed to exhaust his administrative remedies. Moreover, the defendant cannot meet the new threshold in U.S.S.G. § 1B1.13(b)(6) because he has not served at least 10 years of his federal sentence.

For the reasons stated herein, the defendant's motion (ECF No. 1002) is respectfully denied without prejudice.

IT IS SO ORDERED.

July 16, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge